HYMAN SHEER *vs.* HALL & LYON COMPANY.

NOVEMBER 19, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Bills and Notes.   Principal and Agent.*

An agent whose duty it is to take charge of his principal's invoices, and fill out checks in payment thereof, and after securing the signatures of the proper officers to the checks to turn them over to another employee for mailing, who fills out a check and procures the signatures of the officers thereto in payment of a personal bill, without the knowledge of his principal, is acting beyond the scope of his authority, and where he secures goods from plaintiff by means of the check, it devolves upon plaintiff to make inquiry to ascertain whether such use of the check for the personal benefit of the employee was authorized.

*(2)   Bills and Notes.   Principal and Agent.*

One who takes the check of a corporation knowing that it is being given in payment of the personal debt of an employee, is bound to inquire and ascertain if it has been issued by the company with knowledge of the purpose to which it is to be applied.

*(3)   Bills and Notes.   Principal and Agent.*

Where a check of a corporation had been issued without authority for the personal bill of an employee, a statement to the payee that it was all right

except that it required the endorsement of the payee, made by another employee of the company, who had no knowledge of the history of the check, is not binding upon the company.

ASSUMPSIT.   Heard on exceptions of plaintiff and over-ruled.

VINCENT, J.   It appears from the evidence at the trial in the Superior Court that one Frank Fisher was an employee of the defendant company.   It was his duty to take charge of defendant's invoices, to fill out checks in payment thereof, secure the signature of the proper officers to such checks, and turn them over to the stenographer for mailing.   Fisher purchased from the plaintiff an overcoat for his personal use and in payment therefor delivered to the plaintiff a check of the defendant corporation which he, Fisher, had filled out to the plaintiff's order, and upon which he had obtained the signature of the defendant's treasurer.

This was the first business transaction between Fisher and the plaintiff.   The plaintiff knew that Fisher was employed by the Hall & Lyon Company and that the bill for which the defendant's check was tendered to him was the personal bill of Fisher.

After receiving the check the plaintiff sent it to the office of the defendant company to be cashed where payment was refused for lack of the plaintiff's endorsement.   Later it was discovered by the defendant company that Fisher had given the company's check for his personal bill without any authority and without the knowledge of the company's officers, whereupon the defendant company stopped the payment of the check.

This being the situation the plaintiff brought his action in assumpsit in the Superior Court to recover the amount of the check.   The general issue was pleaded by the defendant, jury trial was waived, and the case was tried before the Presiding Justice of the Superior Court.   A decision was rendered for the defendant on the ground that the check was given to the plaintiff to pay the personal debt of an

employee of the defendant company without any authority from said company, and was accepted by the plaintiff without inquiry.

To this decision the plaintiff excepted and the case is now before us upon such exceptions.

It is claimed by the defendant company (1) that there was no delivery of the check sufficient to satisfy the requirements of the Negotiable Instrument Law, and (2) that the acceptance of the defendant's check in payment of the personal bill of Fisher, without inquiry, precludes a recovery by the plaintiff, the check having been issued without authority and without any knowledge, on the part of the defendant, of the purpose for which it was to be used.

(1)   We think that the plaintiff's exceptions must be overruled. Fisher had no authority to fill out checks and procure the signature of the proper officers of the defendant thereto except as such checks were required in the payment of the invoices with which he was entrusted and, therefore, the issuance of this check payable to the order of the plaintiff for his own personal bill, without the knowledge of the company, was beyond the powers or authority with which he was invested.   Fisher procured the delivery of the coat, which the plaintiff had made for him, by means of this check.   The check was made out to the order of the plaintiff and, therefore, it must have been apparent to him that Fisher was using the check of the defendant company in the payment of his personal bill.   Being so advised it devolved upon the plaintiff to make such inquiry as might be necessary to ascertain whether or not Fisher was authorized to make use of the defendant's check for his personal benefit.

(2)   It is a well settled rule that a person who takes the check or note of a corporation, knowing that it is being given in payment of the personal debt of an employee of the company, is bound to inquire and to ascertain if it has been issued by the company with the knowledge of the purpose to which it is to be applied.   *Randall* v. *R. I. Lumber Co.*, 20 R. I. 625.

(3)    It is not claimed in the present case that the plaintiff made any inquiry before the acceptance of the check and the delivery of the coat.   There was some testimony that the check was subsequently taken to the office of the defendant where the assistant treasurer, or some other employee of the defendant, pronounced it to be all right except that it required the endorsement of the payee.   If any such statement was made by an employee of the defendant it does not appear that, at the time of making it, such employee was familiar with or had any knowledge of the history of the check.   It does not seem reasonable that anyone in authority in the Hall & Lyon Company would have made any statement designed to ratify the check, knowing it to have been drawn by Fisher in payment of his personal bill.

We think that the decision of the Superior Court was right. The plaintiff's exceptions are overruled, and the case is remitted to the Superior Court with direction to enter judgment for the defendant on the decision.

*James A. Williams*, for plaintiff.
*C. M. Van Slyck, Frederick A. Jones*, for defendant.